**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

Jean Junior Jacques, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                                                     *Plaintiff,*

                      - *against* -

Imperial Parking (U.S.), Inc., Imperial Parking (U.S.), LLC, and Impark Water, LLC,

                                                     *Defendants.*
-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiff Jean Junior Jacques ("Plaintiff" or "Jacques"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendants Imperial Parking (U.S.), Inc., Imperial Parking (U.S.), LLC, and Impark Water, LLC (collectively, the "Defendants") and states as follows

### NATURE OF THE ACTION

1.     Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

2.     Plaintiff seeks injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.    The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216

(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's

claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4.    This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28

U.S.C. § 1331 because his claims arise under the FLSA.

5.    Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)

and (c), because all events relevant to this action occurred in this District, and the acts and

omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF JEAN JUNIOR JACQUES**

6.    Plaintiff Jacques is a resident of Brooklyn, New York.

7.    Plaintiff Jacques was employed as a parking lot attendant at Defendants' "Impark"

parking lots located at: (i) 55 Water Street, New York, NY 10004 (the "South Street Seaport Lot");

(ii) $120^{th} – 122^{nd}$ under the Metro North Park Ave. Viaduct, New York City, NY 10035 (the "Park

Avenue Lot"); (iii) Amsterdam Avenue and West 151st Street, New York, NY 10039 (the "West

151st Street Lot[1]"); and (iv) 462 1st Avenue, New York, NY 10016 (the "1st Avenue Lot"[2]) from

on or around January 2014 through and including March 2020.

8.    Plaintiff Jacques was employed as a non-managerial employee at the Impark

Parking Lots from on or around January 2014 through and including March 2020.

9.    At all relevant times, Plaintiff has been an employee within the meaning of Section

---

[1] Upon information and belief, the West 151st Street Lot is no longer operating.
[2] The 1st Avenue Lot, the South Street Seaport Lot, the Park Avenue Lot, and the West 151st Street Lot are collectively referred to herein as "the Impark Parking Lots").

3(e) of the FLSA, 29 U.S.C. § 203(e).

10.    At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT IMPERIAL PARKING (U.S.), INC**.

11.    Upon information and belief, Defendant Imperial Parking (U.S.), Inc. is a foreign limited liability company organized and existing under the laws of the State of Delaware. Upon information and belief, it maintains a principal place of business at 307 Seventh Avenue, Suite 301 New York, NY 1000.

12.    Defendant Imperial Parking (U.S.), Inc. owns, operates and/or controls numerous parking lots and parking garages throughout North America, *to wit*: the Impark Parking Lots.

13.    At all times relevant to this Complaint, Defendant Imperial Parking (U.S.), Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

14.    At all times relevant to this Complaint, Defendant Imperial Parking (U.S.), Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

15.    At all times relevant to this Complaint, Defendant Imperial Parking (U.S.), Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

16.    Defendant Imperial Parking (U.S.), Inc. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and

practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

17.     Defendant Imperial Parking (U.S.), Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT IMPERIAL PARKING (U.S.), LLC**

18.     Upon information and belief, Defendant Imperial Parking (U.S.), LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware. Upon information and belief, it maintains a principal place of business at 307 Seventh Avenue, Suite 301 New York, NY 1000.

19.     Defendant Imperial Parking (U.S.), LLC owns, operates and/or controls numerous parking lots and parking garages throughout North America, *to wit*: the Impark Parking Lots.

20.     At all times relevant to this Complaint, Defendant Imperial Parking (U.S.), LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

21.     At all times relevant to this Complaint, Defendant Imperial Parking (U.S.), LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

22.     At all times relevant to this Complaint, Defendant Imperial Parking (U.S.), LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

23.     Defendant Imperial Parking (U.S.), LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

24.     Defendant Imperial Parking (U.S.), LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT IMPARK WATER, LLC**

25.     Upon information and belief, Defendant Impark Water, LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains a principal place of business at 307 Seventh Avenue, Suite 301 New York, NY 1000.

26.     Defendant Impark Water, LLC owns, operates and/or controls the South Street Seaport Lot.

27.     At all times relevant to this Complaint, Defendant Impark Water, LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

28.     At all times relevant to this Complaint, Defendant Impark Water, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

29.     At all times relevant to this Complaint, Defendant Impark Water, LLC was and is

an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

30.     Defendant Impark Water, LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

31.     Defendant Impark Water, LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

32.     Defendants own, operate and/or control the Impark Parking Lots located at: (i) 55 Water Street, New York, NY 10004 (*i.e.,* the South Street Seaport Lot); (ii) 120th – 122nd under the Metro North Park Ave. Viaduct, New York City, NY 10035 (*i.e.,* the Park Avenue Lot); (iii) Amsterdam Avenue and West 151st Street, New York, NY 10039 (*i.e.,* the West 151st Street Lot); and (iv) 462 1st Avenue, New York, NY 10016 (*i.e.,* the 1st Avenue Lot).

33.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34.     Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

35.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and

are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C.

201 *et seq*. and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiff and/or

similarly situated individuals.

37.     At all relevant times, Defendants were Plaintiff's employers within the meaning of

the FLSA and NYLL.

38.     Defendants had the power to hire and fire Plaintiff, control the terms and

conditions of employment, and determine the rate and method of any compensation in exchange

for Plaintiff's services.

## FACTUAL ALLEGATIONS

39.     Plaintiff and other similarly situated individuals are individuals who have worked

for Defendants in similarly-titled, hourly paid position, during the statutory period.

40.     Plaintiff and other similarly situated individuals all shared similar job titles,

training, job descriptions and job tasks, during the statutory period.

41.     Plaintiff was an employee of Defendants.

42.     Plaintiff worked as a parking lot attendant at the Impark Parking Lots.

43.     At the Impark Parking Lots, Plaintiff regularly worked in excess of forty (40) hours

per week.

44.     From approximately January 2014 through and including June 31, 2014, Plaintiff

worked as a parking lot attendant at the South Street Seaport Lot.

45.     From approximately July 1, 2014 through and including December 31, 2017,

Plaintiff worked as a parking lot attendant at the Park Avenue Lot.

46.     From approximately January 1, 2018 through and including December 31, 2018,

Plaintiff worked as a parking lot attendant at the West 151st Street Lot.

47. From approximately January 1, 2019 through and including March 2020, Plaintiff worked as a parking lot attendant at the 1st Avenue Lot.

48. From approximately January 2014 through and including December 31, 2014, Plaintiff worked five (5) days per week: 3:00 p.m. to 11:00 p.m., eight (8) hours each day, for a total period of approximately 40 hours during each of the weeks, respectively.

49. From approximately January 1, 2015 through and including March 2020, Plaintiff worked four (4) days per week: ten (10) hours each day, for a total period of approximately 40 hours during each of the weeks, respectively.

50. On multiple occasions, Plaintiff was forced to "fill in" for other employees, and had to work double shifts. On these occasions, Plaintiff worked from 3:00 p.m. to 6:00 a.m., fifteen (15) hours each day. During these weeks, Plaintiff worked a total period of approximately 47 hours during each of the weeks.

51. From approximately January 2014 until on or about December 31, 2014, Defendants paid Plaintiff $9.00 per hour.

52. From approximately January 2015 until on or about December 31, 2015, Defendants paid Plaintiff $9.50 per hour.

53. From approximately January 2016 until on or about December 31, 2016, Defendants paid Plaintiff $9.75 per hour.

54. From approximately January 2017 until on or about December 31, 2017, Defendants paid Plaintiff $10.00 per hour.

55. From approximately January 2018 until on or about December 31, 2018, Defendants paid Plaintiff $10.25 per hour.

56. From approximately January 2019 until on or about December 31, 2019, Defendants paid Plaintiff $10.50 per hour.

57. From approximately January 2020 until on or about March 2020, Defendants paid Plaintiff $13 per hour.

58. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

59. Plaintiff's wages did not vary regardless of how many additional hours he worked in a week.

60. At all relevant times, Defendants did not compensate Plaintiff for one hour's pay at the basic minimum hourly wage rate for each day his shift exceeded ten (10) hours.

61. Defendants never granted Plaintiff with meal breaks or rest periods of any length.

62. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

63. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff regarding wages are required under the FLSA or NYLL.

64. Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

65. Defendants did not give any notice to Plaintiff, in English or in Plaintiff's primary language, of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

66. At all relevant times, Defendants did not pay Plaintiff at the rate of one and one-

half times his hourly wage rate for hours worked in excess of forty per workweek.

## FLSA COLLECTIVE ACTION ALLEGATIONS

67.     Plaintiff brings the First, Second, Third, Fourth and Fifth Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to parking lot attendants) employed by Defendants on or after the date that is six years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

68.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

69.     The First, Second, Third, Fourth and Fifth Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

70.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

71.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

72.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

73.     Defendants have failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiff.

74.     Due to Defendants' violations of the FLSA, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

75.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

76.     At all relevant times to this action, Plaintiff is a covered, non-exempt employee within the meaning of the FLSA.

77.     Defendants were required to pay Plaintiff one and one-half (1 1/2) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

78.     Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the FLSA.

79.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

80.     Due to Defendants' willful violations of the FLSA, Plaintiff, on behalf of himself

and FLSA Collective Plaintiffs, is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

### THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

81.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

82.     Defendants willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

83.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff.

84.     Due to Defendants' violations of the NYLL, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, is entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

### FOURTH CLAIM
### (NYLL – Unpaid Overtime Wages)

85.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

86.     Plaintiff is covered, non-exempt employee within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

87.     Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiff one and one half times the regular rate of pay, which shall not be less than the

12

minimum wage, for all hours they worked in excess of forty.

88.     Defendants failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL.

89.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff overtime wages.

90.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**FIFTH CLAIM**
**(NYLL – Spread-of-Hours Pay)**

91.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

92.     Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which the Plaintiff's shifts spread over more than ten (10) hours.

93.     By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated §650 *et seq.* of the NYLL and violated the supporting NYDOL regulations, including, but not limited to, 12 N.Y. C.R.R. §146-1.6.

94.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**SIXTH CLAIM**
**(NYLL WTPA– Failure to Provide Wage Notices)**

95.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth

herein.

96.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

97.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiff at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

98.     Due to Defendants' violations of NYLL §195 (1), Plaintiff is entitled to recover his liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SEVENTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

99.     Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

100.    With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

14

101.     As a result of Defendant's violation of the WTPA, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.     authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b.     certification of this case as a collective action pursuant to the FLSA;

c.     issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d.     declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.     declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f.     declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

g.     declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

h.     declaring that Defendant violated the timely pay provisions of the NYLL;

i.     awarding Plaintiff unpaid minimum wages;

j.     awarding Plaintiff unpaid overtime wages;

k.     awarding Plaintiff unpaid spread-of-hours pay;

l.      awarding unpaid wages under New York State law for failure to pay timely wages;

m.      awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

n.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

o.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

p.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

q.      Such other relief as this Court deems just and proper.


Dated: New York, New York
          August 23, 2021                              Respectfully submitted,



                                              By:  /s/ Joshua Levin-Epstein_____
                                                    Joshua Levin-Epstein
                                                    Jason Mizrahi
                                                    Levin-Epstein & Associates, P.C.
                                                    60 East 42nd Street, Suite 4700
                                                    New York, New York 10165
                                                    Tel: (212) 792-0046
                                                    Email: Joshua@levinepstein.com
                                                    *Attorneys for the Plaintiff and proposed FLSA Collection Action Plaintiffs*