UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN JUNIOR JACQUES, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,<br><br>  Plaintiff,<br><br>-against-<br><br>IMPERIAL PARKING (U.S.), INC., IMPERIAL PARKING (U.S.), LLC, and IMPARK WATER, LLC,<br><br>  Defendants. | Case No.: 1:21-cv-07102 (LGS) (KHP)<br><br>**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendants Imperial Parking (U.S.), Inc., Imperial Parking (U.S.), LLC, and Impark Water, LLC (collectively, "Defendants"), by and through their undersigned counsel, Jackson Lewis P.C., respectfully submit their Answer and Defenses to Plaintiff Jean Junior Jacques' ("Plaintiff") Complaint (the "Complaint") and state as follows:

### AS TO "NATURE OF THE ACTION"

1. Defendants admit that Plaintiff purports to proceed as set forth in Paragraph "1" of the Complaint but deny that Defendants engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever, whether on behalf of himself or any other individual.

2. Defendants admit that Plaintiff purports to proceed as set forth in Paragraph "2" of the Complaint but deny that Defendants engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever, whether on behalf of himself or any other individual.

### AS TO "JURISDICTION AND VENUE"

3. Defendants deny the allegations set forth in Paragraph "3" of the Complaint, except aver that jurisdiction and supplemental jurisdiction are proper.

4. Defendants deny the allegations set forth in Paragraph "4" of the Complaint, except aver that the Court has federal question jurisdiction over Plaintiff's FLSA claims.

5. Defendants deny the allegations set forth in Paragraph "5" of the Complaint, except aver that venue is proper.

## AS TO "THE PARTIES"

6. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "6" of the Complaint.

7. Defendants deny the allegations contained in Paragraph "7" of the Complaint.

8. Defendants deny the allegations contained in Paragraph "8" of the Complaint.

9. Paragraph "9" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "9" of the Complaint and refer the Court to the statute cited for a true and correct statement of its contents.

10. Paragraph "10" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "10" of the Complaint and refer the Court to the statute cited for a true and correct statement of its contents.

*As to "Defendant Imperial Parking (U.S.), Inc."*

11. Defendants deny the allegations contained in Paragraph "11" of the Complaint.

12. Defendants deny the allegations contained in Paragraph "12" of the Complaint.

13. Defendants deny the allegations contained in Paragraph "13" of the Complaint.

14. Paragraph "14" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "14" of the Complaint and refer the Court to the statute cited for a true and correct statement of its contents.

15. Paragraph "15" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "15" of the Complaint and refer the Court to the statute cited for a true and correct statement of its contents.

16. Defendants deny the allegations contained in Paragraph "16" of the Complaint.

17. Defendants deny the allegations contained in Paragraph "17" of the Complaint.

*As to "Defendant Imperial Parking (U.S.), LLC"*

18. Defendants deny the allegations contained in Paragraph "18" of the Complaint, except aver that Imperial Parking (U.S.), LLC is a foreign limited liability company organized and existing under Delaware law.

19. Defendants deny the allegations contained in Paragraph "19" of the Complaint, except aver that Imperial Parking (U.S.), LLC owns, operates and/or controls the Impark Parking Lots as defined in the Complaint.

20. Defendants deny the allegations contained in Paragraph "20" of the Complaint, except aver that Imperial Parking (U.S.), LLC had an annual volume of sales of at least $500,000 during the period relevant to this Complaint.

21. Paragraph "21" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "21" of the Complaint and refer the Court to the statute cited for a true and correct statement of its contents.

22. Paragraph "22" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "22" of the Complaint and refer the Court to the statutes cited for a true and correct statement of their contents.

23. Defendants admit the allegations contained in Paragraph "23" of the Complaint.

24. Defendants admit the allegations contained in Paragraph "24" of the Complaint.

*As to "Defendant Impark Water, LLC"*

25. Defendants deny the allegations contained in Paragraph "25" of the Complaint, except aver that Impark Water, LLC is a domestic limited liability company organized and existing under New York law.

26. Defendants deny the allegations contained in Paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in Paragraph "27" of the Complaint,.

28. Paragraph "28" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "28" of the Complaint and refer the Court to the statute cited for a true and correct statement of its contents.

29. Paragraph "29" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "29" of the Complaint and refer the Court to the statutes cited for a true and correct statement of their contents.

30. Defendants deny the allegations contained in Paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in Paragraph "31" of the Complaint.

*As to "Defendants Constitute Joint Employers"*

32. Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in Paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in Paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in Paragraph "36" of the Complaint.

37. Paragraph "37" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "37" of the Complaint and refer the Court to the statutes cited for a true and correct statement of their contents.

38. Defendants deny the allegations set forth in Paragraph "38" of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

39. Defendants admit that Plaintiff purports to identify similarly situated individuals as set forth in Paragraph "39" of the Complaint but deny that Plaintiff is similarly situated to any other employee or that this action is suitable for class or collective treatment.

40. Defendants deny the allegations set forth in Paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in Paragraph "41" of the Complaint.

42. Defendants admit the allegations set forth in Paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in Paragraph "43" of the Complaint.

44. Defendants deny the allegations set forth in Paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in Paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in Paragraph "46" of the Complaint.

47. Defendants deny the allegations set forth in Paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in Paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in Paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in Paragraph "55" of the Complaint.

56. Defendants deny the allegations set forth in Paragraph "56" of the Complaint.

57. Defendants deny the allegations set forth in Paragraph "57" of the Complaint.

58. Defendants deny the allegations set forth in Paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in Paragraph "59" of the Complaint.

60. Defendants deny the allegations set forth in Paragraph "60" of the Complaint.

61. Defendants deny the allegations set forth in Paragraph "61" of the Complaint.

62. Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in Paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in Paragraph "64" of the Complaint.

65. Defendants deny the allegations set forth in Paragraph "65" of the Complaint.

66. Defendants deny the allegations set forth in Paragraph "66" of the Complaint.

## AS TO "FLSA COLLECTIVE ACTION ALLEGATIONS"

67. Defendants admit that Plaintiff purports to proceed as set forth in Paragraph "67" of the Complaint but deny that this case is suitable for collective treatment or that Plaintiff is entitled to any relief whatsoever, either on behalf of himself or any other individuals.

68. Defendants deny the allegations contained in Paragraph "68" of the Complaint.

69. Defendants admit that Plaintiff purports to proceed as set forth in Paragraph "69" of the Complaint but deny that this case is suitable for collective treatment or that Plaintiff is entitled to any relief whatsoever, either on behalf of himself or any other individuals.

70. Defendants admit that Plaintiff purports to proceed as set forth in Paragraph "70" of the Complaint but deny that this case is suitable for collective treatment or that Plaintiff is entitled to any relief whatsoever, either on behalf of himself or any other individuals.

## AS TO "FIRST CLAIM
## Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq.*"

71. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "70" as though fully set forth herein in response to Paragraph "71" of the Complaint.

72. Defendants deny the allegations contained in Paragraph "72" of the Complaint.

73. Defendants deny the allegations contained in Paragraph "73" of the Complaint.

74. Defendants deny the allegations contained in Paragraph "74" of the Complaint.

## AS TO "SECOND CLAIM
## FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq.*"

75. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "74" as though fully set forth herein in response to Paragraph "75" of the Complaint.

76. Paragraph "76" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "76" of the Complaint and refer the Court to the statute cited for a true and correct statement of its contents.

77. Paragraph "77" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "77" of the Complaint and refer the Court to the statute cited for a true and correct statement of its contents.

78. Defendants deny the allegations contained in Paragraph "78" of the Complaint.

79. Defendants deny the allegations contained in Paragraph "79" of the Complaint.

80. Defendants deny the allegations contained in Paragraph "80" of the Complaint and refer the Court to the statute cited for a true and correct statement of its contents.

## AS TO "THIRD CLAIM
## NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*."

81. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "80" as though fully set forth herein in response to Paragraph "81" of the Complaint.

82. Defendants deny the allegations contained in Paragraph "82" of the Complaint.

83. Defendants deny the allegations contained in Paragraph "83" of the Complaint.

84. Defendants deny the allegations contained in Paragraph "84" of the Complaint.

## AS TO "FOURTH CLAIM
## NYLL – Unpaid Overtime Wages"

85. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "84" as though fully set forth herein in response to Paragraph "85" of the Complaint.

86. Paragraph "86" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "86" of the Complaint and refer the Court to the regulations cited for a true and correct statement of their contents.

87. Paragraph "87" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph "87" of the Complaint and refer the Court to the statute and regulations cited for a true and correct statement of their contents.

88. Defendants deny the allegations contained in Paragraph "88" of the Complaint.

89. Defendants deny the allegations contained in Paragraph "89" of the Complaint.

90. Defendants deny the allegations contained in Paragraph "90" of the Complaint.

## AS TO "FIFTH CLAIM
## NYLL – Spread-of-Hours Pay"

91. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "90" as though fully set forth herein in response to Paragraph "91" of the Complaint.

92. Defendants deny the allegations contained in Paragraph "92" of the Complaint.

93. Defendants deny the allegations contained in Paragraph "93" of the Complaint.

94. Defendants deny the allegations contained in Paragraph "94" of the Complaint.

## AS TO "SIXTH CLAIM
## NYLL WTPA – Failure to Provide Wage Notices"

95. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "94" as though fully set forth herein in response to Paragraph "95" of the Complaint.

96. Paragraph "96" sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations contained in Paragraph "96" of the Complaint and refer the Court to the statute cited for a true and correct statement of its contents.

97. Defendants deny the allegations contained in Paragraph "97" of the Complaint.

98. Defendants deny the allegations contained in Paragraph "98" of the Complaint.

## AS TO "SEVENTH CLAIM
## Violation of the Wage Statement Provisions of the NYLL"

99. Defendants repeat and reallege their responses to each and every allegation set forth in Paragraphs "1" through "98" as though fully set forth herein in response to Paragraph "99" of the Complaint.

100. Defendants deny the allegations contained in Paragraph "100" of the Complaint.

101. Defendants deny the allegations contained in Paragraph "101" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

102.     Defendants deny that Plaintiff is entitled to any relief, including the relief contained in the Complaint's "PRAYER FOR RELIEF" clause and its subparagraphs "a" through "q."

## AS TO "JURY TRIAL DEMAND"

103.     Defendants admit that Plaintiff purports to assert a demand for trial by jury but deny that Plaintiff is entitled to a jury trial.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

104.     Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have:

## FIRST AFFIRMATIVE DEFENSE

105.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.  This defense may apply to the claims of some or all of the putative collective of allegedly similarly situated persons.

## SECOND AFFIRMATIVE DEFENSE

106.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.  This defense may apply to the claims of some or all of the putative collective of allegedly similarly situated persons.

## THIRD AFFIRMATIVE DEFENSE

107.     Plaintiff's claims cannot and should not be maintained on a collective action basis because those claims fail to meet the necessary requirements for certification as a collective action.

## FOURTH AFFIRMATIVE DEFENSE

108.     Plaintiff is not covered by the statutes, regulations and legal theories sought to be invoked by the Complaint. For this and other reasons, including but not limited to any bankruptcy filings, Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing.  This

defense may apply to the claims of some or all of the putative collective of allegedly similarly situated persons.

## FIFTH AFFIRMATIVE DEFENSE

109.  To the extent the Court finds Plaintiff and/or any other allegedly similarly situated individual to be an employee under the FLSA and/or NYLL, such Plaintiff's claims are barred in whole or in part by exemptions to the overtime requirements of those laws.  This defense may apply to the claims of some or all of the putative collective of allegedly similarly situated persons.

## SIXTH AFFIRMATIVE DEFENSE

110.  Plaintiff's claims are barred, in whole or in part, because said claims have been released.  This defense may apply to the claims of some or all of the putative collective of allegedly similarly situated persons.

## SEVENTH AFFIRMATIVE DEFENSE

111.  Plaintiff's claims are barred, in whole or in part, by the doctrines of collateral, equitable and/or judicial estoppel, and waiver due to the conduct of Plaintiff.  This defense may apply to the claims of some or all of the putative collective of allegedly similarly situated persons.

## EIGHTH AFFIRMATIVE DEFENSE

112.  To the extent Plaintiff lacks a claim under the FLSA, there is no subject matter jurisdiction over a non-federal claim by Plaintiff in this Court.

## NINTH AFFIRMATIVE DEFENSE

113.  Plaintiff's claims are barred, in whole or in part, because Plaintiff knowingly submitted to and acquiesced in the actions alleged in the Complaint.  This defense may apply to the claims of some or all of the putative collective of allegedly similarly situated persons.

## TENTH AFFIRMATIVE DEFENSE

114. Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, and payment. This defense may apply to the claims of some or all of the putative collective of allegedly similarly situated persons.

### ELEVENTH AFFIRMATIVE DEFENSE

115. Plaintiff's claims are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned. This defense may apply to the claims of some or all of the putative collective of allegedly similarly situated persons.

### TWELFTH AFFIRMATIVE DEFENSE

116. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. This defense may apply to the claims of some or all of the putative collective of allegedly similarly situated persons.

### THIRTEENTH AFFIRMATIVE DEFENSE

117. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and *in pari delicto*.

### FOURTEENTH AFFIRMATIVE DEFENSE

118. Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith, with a good-faith and reasonable belief that they had complied fully with federal and state law, within the meaning of 29 U.S.C. §§ 259, 260 and N.Y. Labor Law § 198 and otherwise. Assuming *arguendo* that a violation of applicable law occurred, which Defendants specifically deny, Defendants' conduct was not willful, within the meaning of 29 U.S.C. § 255 and N.Y. Labor Law § 198 or otherwise.

### FIFTEENTH AFFIRMATIVE DEFFNSE

119. Plaintiff's claims are barred, in whole or in part, because such claims for equitable relief are precluded.

## SIXTEENTH AFFIRMATIVE DEFENSE

120. Any damages awarded to Plaintiff must be set off against outstanding account balances, fees, advances and/or charges due and owing.

## SEVENTEENTH AFFIRMATIVE DEFENSE

121. To the extent the Court finds that Plaintiff was an employee of Defendants, Plaintiff was provided all notices required by NYLL § 195, and even if Plaintiff was not provided a notice required by that section, Plaintiff's claims are barred because Defendants made complete and timely payment of all wages due to Plaintiff under the NYLL. This defense may apply to the claim of some or all of the putative collective of allegedly similarly situated persons.

122. Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.

**WHEREFORE**, Defendants respectfully request that the Court:

1. dismiss Plaintiff's Complaint with prejudice;

2. deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

3. award Defendants reimbursement for their costs, including attorneys' fees; and,

4. grant such other and further relief as the Court deems just and proper.

Dated: October 22, 2021
     New York, NY

          Respectfully submitted,

          JACKSON LEWIS P.C.
          666 Third Avenue, 29th Floor
          New York, NY 10017
          Telephone: 212-545-4000

     By:   *s/ Adam S. Gross*

                                                      Adam S. Gross
                                                      Gregory S. Slotnick

                                                      ATTORNEYS FOR DEFENDANTS

4865-7901-9264, v. 1