UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                           :
JEAN JUNIOR JACQUES,                                       :
                                  Plaintiff,               :
                                                           :        21 Civ. 7102 (LGS)
                        -against-                          :
                                                           :        ORDER
IMPERIAL PARKING (U.S.), INC., ET AL.,                     :
                                  Defendants. :
                                                           :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 29, 2022, Plaintiff filed a letter along with a proposed settlement

agreement and attorney billing details (Dkt. No. 39) in this action arising under the Fair Labor

Standards Act ("FLSA").  The parties are required to explain why their settlement should be

approved as "fair and reasonable" under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199,

206 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016), and *Wolinsky v. Scholastic, Inc.,* 900 F.

Supp. 2d 332, 335-36 (S.D.N.Y. 2012). It is hereby

**ORDERED** that approval of the settlement agreement, is **DENIED** at this time. The

parties' proposed settlement contains the following deficiency, which is in "tension with the

remedial purposes" of FLSA, *Cheeks*, 796 F.3d at 206, and which must be addressed before the

parties' settlement may be approved as fair and reasonable.

The proposed settlement agreement contains an overly broad release provision. Section 3

of the Settlement Agreement states that "Plaintiff knowingly and voluntarily releases and forever

discharges, to the full extent permitted by law Defendants, as well as" a long list of related

persons and entities, "of and from any and all wage and hour claims, including, but not limited

to, claims under the FLSA and the NYLL, that Plaintiff has or may have against Releasees as of

the date of Plaintiff's execution of this Agreement, whether known or unknown, asserted or unasserted, including attorneys' fees and costs in connection with any asserted or unasserted wage and hour claim." The proposed settlement and supporting papers give no indication of what entities are covered by the release because they are affiliated with or related to Defendants in some way, or whether Plaintiff might have any wage-and-hour claims against any entities other than Defendants covered by the release provision that have not been raised in this action. A settlement release under *Cheeks* must be expressly tailored to the plaintiff's wage and hour issues in the immediate action. *See, e.g.*, *Cheeks*, 796 F.3d at 206 (finding that "overbroad release that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage and hour issues" highlighted the need for judicial review of settlement agreements in light of potential abuse) (citation omitted); *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (waivers should be limited to the claims at issue in the action); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259, 2015 WL 9162701, at *2 (S.D.N.Y. 2015) ("If the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action."). Accordingly, the settlement agreement is not approved in its current form.

For example, this Court has previously approved a release that states, "Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants . . . for any and all charges, complaints, claims, causes of action . . . which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the wage and hour claims in the Litigation that have occurred as of the Effective Date of this Agreement." It is further

**ORDERED** that, by **April 20, 2022**, the parties shall file a letter informing the court whether they choose to amend the settlement agreement or proceed with the litigation, and if the former shall file an amended agreement, addressing the deficiency above. A separate order relating to attorneys' fees and costs will issue after the approval of any amendment or agreement.

Dated: March 31, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE